UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY BERGER-ROYALS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 4678 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Milton I. Shadur |
| THOMAS J. DART, in his official capacity as | ) | |
| COOK COUNTY SHERIFF, OFFICER | ) | |
| LIEUTENANT KELLY BAKER, OFFICER | ) | |
| JOHN DOE 1, and OFFICER JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, Lieutenant Kelly Baker and Thomas Dart, Sheriff of Cook County, by their attorney, Anita Alvarez, Cook County State's Attorney, through her assistant, Nicholas Scouffas, for his answer to Plaintiff's Complaint, state as follows:

1. This is an action for violation of Plaintiff's civil rights under the Fourth and Fourteenth Amendments of the Constitution of the United State, 42 U.S.C. § 1983, and the common law of the State of Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 1.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 & 1367; and the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER:** Defendants admit the allegations contained in paragraph 2.

1

3. Plaintiff, Mary Berger-Royals ("Berger-Royals"), is an individual who resides in the Village of Flossmoor, County of Cook, State of Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 3.

4. Defendant Thomas J. Dart is the Sheriff of Cook County (the "Sheriff").Cook County is the Home Rule municipality organized under the laws of the State of Illinois. The Sheriff is being sued in his official capacity as an agent, servant and/or employee of the County.

**ANSWER:** Defendants deny that the Sheriff is an agent, servant and/or employee of Cook County (see *Moy v. County of Cook*, 159 Ill.2d 519 (1994)) and admit the remaining allegations contained in paragraph 4.

5. Lieutenant Kelly Baker ("Lieutenant Baker") is a duly appointed and sworn officer in the agency of the Sheriff of Cook County in the State of Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 5.

6. Officer john Doe 1 and Officer John Doe 2 (collectively, "Officers"), are duly appointed and sworn officers in the agency of the Sheriff of Cook County in the State of Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. At all times relevant to this Complaint, Lieutenant Baker and the Officers, when engaged in the conduct complained of, did so in the course and scope of their employment as employees and agents of the Sheriff of Cook County. Lieutenant Baker and the Officers are being sued in

both their individual capacities and their official capacities as agents, servants and/or employee of the County.

**ANSWER:** Defendants admit that Lieutenant Baker is an employee of the Sheriff of Cook County and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

### PLAINTIFF'S SEPTEMBER 2010 ARREST

8. On or about September 23, 2010, Berger-Royals was driving her sister's car and was pulled over by a Flossmoor police officer due to an expired license plate.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. The officer informed Berger-Royals that there was an active warrant for her arrest. According to the officer, this warrant related to prior 2001DUI conviction and Berger-Royals' failure to complete court-ordered classes related to that conviction.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Berger-Royals was subsequently taken to the Flossmoor police station, arrested, and transported to the police department in Markham, Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. The next day, September 24, 2010, Berger-Royals appeared before a bond judge in Markham. At that time, despite case law that precluded such an order, Judge John D. Turner denied Berger-Royals bond and sentenced her to ninety (90) days of incarceration and rehabilitation in Cook County Jail.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Subsequently on October 4, 2010, Berger-Royals' attorney, Terence P. LeFevour ("Attorney LeFevour"), filed a motion in the Circuit Court of Cook County, Illinois, Municipal Department, Sixth Municipal District, to set bail. That motion was heard and denied by the Honorable John D. Turner the same day.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. The next day, October 5, 2010, Attorney LeFecour filed Verified Motion for Review of a Bail Order with the Illinois Appellate Court, First District (the "Motion"). On October 6, 2011 the Motion was granted and Berger-Royals was required to post $2,000 of a $20,000 bond and submit to electronic monitoring.

**ANSWER:** Defendants admit that on October 6, 2010 Berger-Royals was required to post $2,000 of a $20,000 bond and submit to electronic monitoring and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Having posted the requisite bond, Berger-Royals was released from Cook County Jail, with ankle monitor, on October 6, 2011. Upon her release, Berger-Royals was taken home by an officer employed by the Sheriff of Cook County.

**ANSWER:** Defendants admit the allegations contained in paragraph 14.

## PLAINTIFF'S POST ARREST COMPLIANCE

15. After posting her bond, Berger-Royals complied with all of the conditions of her release.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. In late October, Berger-Royals was approved by the Sheriff's Female Furlough Program ("the Furlough Program") to attend court-mandated classes on Mondays and Wednesdays for two hours each.

**ANSWER:** Defendants admit the allegations contained in paragraph 16.

17. On or around November 8, 2010, the Court approved Berger-Royals' request travel related to her resumption of employment.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. That same day, Berger- Royals contacted the Sheriff's office and informed them of the order, and requested the Sheriff's fax number so that she could fax a copy of the order.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. The Sheriff received a copy of that Order via facsimile. (A copy of the fax confirmation sheet and order is attached hereto as Ex. A.)

**ANSWER:** Defendants admit the allegations contained in paragraph 19.

20. Berger-Royals was scheduled to appear in court again on December 17, 2010. In anticipation of the approval that she would need from the Furlough Program in order to travel to court to be present on that date, Berger-Royals contacted the Furlough Program, on or around December 10, 2010, to apprise the Sheriff that she would need to travel to court on December 17, 2011.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Berger-Royals' travel to court on December 17, 2011 was pre-approved by Mr. Lapidos of the Sheriff Female Furlough Program, who is responsible for court movement.

**ANSWER:** Defendants admit the allegations contained in paragraph 21.

**DEFENDANTS' UNLAWFUL SEIZURE OF PLAINTIFF**

6

22. On the evening of Tuesday, December 14, 2010, the Defendants John Doe Officers drove up to Berger-Royal's house and knocked on her door. The Officers informed Berger-Royals that she needed to accompany them.

**ANSWER:** Defendants admit the allegations contained in paragraph 22.

23. The Officers subsequently entered Berger-Royals' home without a warrant and without any probable cause to do so.

**ANSWER:** Defendants deny the allegations contained in paragraph 23.

24. The Officers inquired where the Furlough Program monitoring machine was located. Berger-Royals provided this information, and the Officers disconnected the Furlough Program monitoring machine.

**ANSWER:** Defendants admit the allegations contained in paragraph 24.

25. Berger-Royals did not know why the Officers had come or why she needed to accompany them.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. The Officers drove Berger-Royals back to the Furlough Program, located at or around 2600 S. California in Chicago, Illinois. Once there, Lieutenant Baker met with Berger-Royals. Lieutenant Baker removed Berger-Royals' ankle monitor and informed Berger-Royals that she was going back to jail because Berger-Royals had missed a court date and failed to pay a bond.

**ANSWER:** Defendants admit the allegations that Lieutenant Baker had a conversation with the Plaintiff once the Plaintiff was brought to the Sheriff's furlough program by the officers and deny the remaining allegations in paragraph 26.

27. Berger-Royals protested to Lieutenant Baker and stated that there must be a mistake. Berger-Royals explained that she had not missed any court dates, had been wholly compliant with the monitoring program, and had been released on bond in October.

**ANSWER:** Defendants admit the allegations contained in paragraph 27.

28. In fact, Berger- Royals had not missed any court dates and did not fail to pay a bond.

**ANSWER:** Defendants admit the allegations contained in paragraph 28.

29. Nonetheless, Berger-Royals was searched, put in a jail uniform and locked in a cell.

**ANSWER:** Defendants admit that Plaintiff was detained in the Cook County Jail and followed the same procedure that all female detainees follow upon entering the Jail and was placed in a cell in Division 4.

30. On December 15, 2010 in the early morning, Berger-Royals' sister Joan, and attorney LeFevour appeared in court on behalf of Berger-Royals. Attorney LeFevour obtained an Order from the Court ordering Berger-Royals' immediate release.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. That same day, Clerk of Court, acting through one of her employees, confirmed to Berger-Royals' sister that Berger-Royals had not missed any court dates.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. In fact, just as Berger-Royals had told Lieutenant Baker, there was no basis for Berger-Royals to have been picked up by the Officers, arrested and jailed. Berger-Royals had not missed any court date, had been wholly complaint with the monitoring program and had not failed to pay a bond.

**ANSWER:** Defendants deny the allegations contained in paragraph 32.

33. Although Berger-Royals was ordered to be released from jail by the Court in the early morning on December 15, 2010, she was not released on December 15, 2010.

**ANSWER:** Defendants admit that Plaintiff was not released on December 15, 2010 and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33.

34. In the evening on December 15, 2010, Berger-Royals' daughter contacted the Cook County Jail in an effort to find out why her mother had not yet arrived home and where she was located.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Finally, in the early morning of December 16, 2010, Berger-Royals was released by the Defendants.

**ANSWER:** Defendants admit the allegations contained in paragraph

## COUNT I

## UNREASONABLE SEARCH AND SEIZURE CLAIM

## PURSUANT TO SECTION 1983

36. Paragraphs 1 through 35 are herein incorporated by reference and made a part of paragraph 36 as if fully alleged herein.

**ANSWER:** Defendants reassert its answers to paragraphs 1-35 as its answer to paragraph 36.

37. The Defendant Officers and Lieutenant Baker, while acting under the color of state law, unlawfully conducted a search and seizure of Plaintiff without an arrest warrant and/or probable cause or any other legally justifiable grounds not thereby violated Plaintiff's right under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983 to be free from unreasonable searches and seizures.

**ANSWER:** Defendants admit the officers and Lieutenant Baker acted under color of law and deny the remaining allegations contained in paragraph 37.

38. The Sheriff, by inadequately training and/or supervising its officers with respect to the procedures required by the Fourth Amendment pertaining to searches and seizures and demonstrating a formal custom, policy and/or practice of deliberate and/or reckless indifference

to the constitutional rights of individuals to be free from unreasonable search and seizures, expressly or impliedly authorized, consented or acquiesced in the violation of Plaintiff's right under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in paragraph 38.

## COUNT II

## STATE LAW

## FALSE IMPRISONMENT CLAIM

39. Paragraphs 1 through 35 are incorporated by reference and made a part of paragraph 39 as if fully alleged herein.

**ANSWER:** Defendants reassert its answers to paragraphs 1-35 as its answer to paragraph 39.

40. The Officers and Lieutenant Baker unlawfully seized, restrained and imprisoned Berger-Royals without probable cause and/or an arrest warrant or any other legally justifiable grounds and thereby committed the tort of false imprisonment in violation of the common law of the State of Illinois.

**ANSWER:** Defendants deny the allegations contained in paragraph 40.

## COUNT III

## FALSE ARREST CLAIM

## PURSUANT TO 42 U.S.C. § 1983

41.     Paragraphs 1 through 35 are incorporated by reference and made a part of paragraph 41 as fully alleged herein.

**ANSWER:**    Defendants reassert its answers to paragraphs 1-35 as its answer to paragraph 41.

42.     The Defendants, while acting under the color of state law, unlawfully restrained and detained Berger-Royals without probable cause and/or an arrest warrant or any other legally justifiable grounds and thereby committed the tort of false arrest and imprisonment in violation of the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:**    Defendants admit the officers and Lieutenant Baker acted under color of law and deny the remaining allegations contained in paragraph 42.

43.     The Sheriff, by inadequately supervising his officers with respect to the procedures required by the Fourth Amendment pertaining to individuals' rights to be free from unreasonable seizures, absent a warrant or probable cause to arrest and demonstrating a formal or informal custom, policy and practice of deliberate indifference to the constitutional rights of such persons to be free from unreasonable, unwarranted seizures, expressly or impliedly authorized, consented or acquiesced in the violation Plaintiff's right under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER:**    Defendants deny the allegations contained in paragraph

## AFFIRMATIVE DEFENSES

NOW COME Defendants, Lieutenant Kelly Baker and Thomas Dart, Sheriff of Cook County, by their attorney, Anita Alvarez, Cook County State's Attorney, through her assistant,

Nicholas Scouffas, stating the following Affirmative Defense:

1. Defendant, Thomas Dart, Sheriff of Cook County, is a local public entity. Accordingly, Thomas Dart is immune from punitive damage awards. <u>City of Newport v. Fact Concerts, Inc.,</u> 453 U.S. 247, 101 S. Ct. 2748 (1981).

WHEREFORE, based upon the foregoing, Defendants respectfully request that this Honorable Court grant judgment in their favor and against the plaintiff on all aspects of her Complaint and further requests that this Honorable Court grant it fees, costs, and such other relief that this Court deems just and appropriate.

## JURY DEMAND

Defendants respectfully demand trial by jury.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: *s/ Nicholas Scouffas*
Nicholas Scouffas
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3304