# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY BERGER-ROYALS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 4678 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Milton I. Shadur |
| THOMAS J. DART, in his official capacity as | ) | |
| COOK COUNTY SHERIFF, | ) | |
| LIEUTENANT KELLY BAKER, OFFICER | ) | |
| NATISA WILLIAMS, and | ) | |
| OFFICER JAMIE HURTADO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW COME** Defendants Cook County Sheriff Tom Dart, Lt. Kelly Baker, Natisa
Williams, and Jamie Hurtado by their attorney Anita Alvarez, State's Attorney of Cook County,
through her assistant Patrick Smith, and answer Plaintiff's First Amended Complaint:

## PARTIES AND JURISDICTION

1.      This is an action for violation of Plaintiff's civil rights under the Fourth and
Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, and the
common law of the State of Illinois.

   **ANSWER:    Defendants admit the allegations contained in paragraph one.**

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 &
1367; and the Fourth and Fourteenth Amendments of the United States Constitution.

   **ANSWER:    Defendants admit the allegations contained in paragraph two.**

3.      Plaintiff, Mary Berger-Royals ("Berger-Royals"), is an individual who resides in
the Village of Flossmoor, County of Cook, State of Illinois.

**ANSWER:** **Defendants admit the allegations contained in paragraph three.**

4.      Defendant Thomas J. Dart is the Sheriff of Cook County (the "Sheriff"). Cook County is a Home Rule municipality organized under the laws of the State of Illinois. The Sheriff is being sued in his official capacity as an agent, servant and/or employee of the County.

**ANSWER:** **Defendants deny that the Sheriff is an agent, servant and/or employee of Cook County (see *Moy v. County of Cook*, 159 Ill.2d 519 (1994)) and admit the remaining allegations contained in paragraph four.**

5.      Lieutenant Kelly Baker ("Lieutenant Baker") is a duly appointed and sworn officer in the agency of the Sheriff of Cook County in the State of Illinois.

**ANSWER:** **Defendants admit the allegations contained in paragraph 5.**

6.      Officer Natisa Williams and Officer Jamie Hurtado (collectively, the "Officers"), are duly appointed and sworn officers in the agency of the Sheriff of Cook County in the State of Illinois.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six.**

7.      At all times relevant to this Complaint, Lieutenant Baker and the Officers, when engaged in the conduct complained of, did so in the course and scope of their employment as employees and agents of the Sheriff of Cook County. Lieutenant Baker and the Officers are being sued in both their individual capacities and their official capacities as agents, servants and/or employees of the County.

**ANSWER:** **Defendants admit that Lieutenant Baker is an employee of the Sheriff of Cook County and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven.**

2

## PLAINTIFF'S SEPTEMBER 2010 ARREST

8.      On or about September 23, 2010, Berger-Royals was driving her sister's car and was pulled over by a Flossmoor police officer due to an expired license plate.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight.**

9.      The officer informed Berger-Royals that there was an active warrant for her arrest. According to the officer, this warrant related to a prior 2001 DUI conviction and Berger-Royals' failure to complete court-ordered classes related to that conviction.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine.**

10.     Berger-Royals was subsequently taken to the Flossmoor police station, arrested, and transported to the police department in Markham, Illinois.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten.**

11.     The next day, September 24, 2010, Berger-Royals appeared before a bond judge in Markham. At that time, despite case law that precluded such an order, Judge John D. Turner denied Berger-Royals bond and sentenced her to ninety (90) days of incarceration and rehabilitation in Cook County Jail.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven.**

12.     Subsequently on October 4, 2010, Berger-Royals' attorney, Terence P. LeFevour ("Attorney LeFevour"), filed a motion in the Circuit Court of Cook County,

3

Illinois, Municipal Department, Sixth Municipal District, to set bail. That motion was

heard and denied by the Honorable John D. Turner the same day.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in paragraph twelve.**

13. The next day, October 5, 2010, Attorney LeFecour filed Verified Motion for

Review of a Bail Order with the Illinois Appellate Court, First District (the "Motion").

On October 6, 2011, the Motion was granted and Berger-Royals was required to post

$2,000 of a $20,000 bond and submit to electronic monitoring.

**ANSWER:** **Defendants admit that on October 6, 2010 Berger-Royals was**

**required to post $2,000 of a $20,000 bond and submit to electronic monitoring and are**

**without knowledge or information sufficient to form a belief as to the truth of the**

**remaining allegations contained in paragraph thirteen.**

14. Having posted the requisite bond, Berger-Royals was released from Cook

County Jail, with an ankle monitor, on October 6, 2010. Upon her release, Berger-Royals

was taken home by an officer employed by the Sheriff of Cook County.

**ANSWER:** **Defendants admit the allegations contained in paragraph fourteen.**

**PLAINTIFF'S POST- ARREST COMPLIANCE**

15. After posting her bond, Berger-Royals complied with all of the conditions

of her release.

**ANSWER**: **Defendants are without knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in paragraph fifteen.**

16. In late October, Berger-Royals was approved by the Sheriff's Female

Furlough Program ("the Furlough Program") to attend court-mandated classes on

Mondays and Wednesdays for two hours each.

       **ANSWER:**    **Defendants admit the allegations contained in paragraph sixteen**.

17.     On or around November 8, 2010, the Court approved Berger-Royals'
request for travel related to her resumption of employment.

       **ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen.**

18.     That same day, Berger-Royals contacted the Sheriff's office and informed
them of the order, and requested the Sheriff's fax number so that she could fax a copy of
the order.

       **ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eighteen.**

19.     The Sheriff received a copy of that Order via facsimile. (A copy of the fax
confirmation sheet and order is attached hereto as Ex. A.)

       **ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen**.

20.     Berger-Royals was scheduled to appear in court again on December 17,
2010. In anticipation of the approval that she would need from the Furlough Program in order to
travel to court to be present on that date, Berger-Royals contacted the Furlough Program, on or
around December 10, 2010, to apprise the Sheriff that she would need to travel to court on
December 17, 2011.

       **ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty.**

21.    Berger-Royals' travel to court on December 17, 2011 was pre-approved by Mr. Lapidos of the Sheriff Female Furlough Program, who is responsible for court movement.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one.**

## DEFENDANTS' UNLAWFUL SEIZURE OF PLAINTIFF

22.    On the evening of Tuesday, December 14, 2010, the Officers drove up to Berger-Royals' house and knocked on her door. The Officers informed Berger-Royals that she needed to accompany them.

**ANSWER:    Defendants admit the allegations contained in paragraph twenty-two.**

23.    The Officers subsequently entered Berger-Royals' home without a warrant and without any probable cause to do so.

**ANSWER:    Defendants deny the allegations contained in paragraph twenty-three.**

24.    The Officers inquired where the Furlough Program monitoring machine was located. Berger-Royals provided this information, and the Officers disconnected the Furlough Program monitoring machine.

**ANSWER:    Defendants admit the allegations contained in paragraph twenty-four.**

25.    Berger-Royals did not know why the Officers had come or why she needed to accompany them.

ANSWER:    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five.**

26.     The Officers drove Berger-Royals back to the Furlough Program, located at or around 2600 S. California in Chicago, Illinois. Once there, Lieutenant Baker met with Berger-Royals. Lieutenant Baker removed Berger-Royals' ankle monitor and informed Berger-Royals that she was going back to jail because Berger-Royals had missed a court date and failed to pay a bond.

**ANSWER:     Defendants admit the allegations that Lieutenant Baker had a conversation with the Plaintiff once the Plaintiff was brought to the Sheriff's furlough program by the officers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twenty-six.**

27.     Berger-Royals protested to Lieutenant Baker and stated that there must be a mistake. Berger-Royals explained that she had not missed any court dates, had been wholly compliant with the monitoring program, and had been released on bond in October.

**ANSWER:     Defendants deny the allegations contained in paragraph twenty-seven.**

28.     In fact, Berger-Royals had not missed any court dates and did not fail to pay a bond.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight.**

29.     Nonetheless, Berger-Royals was searched, put in a jail uniform and locked in a cell.

ANSWER:     **Defendants admit that Plaintiff was detained in the Cook County Jail and followed the same procedure that all female detainees follow upon entering the Jail and was placed in a cell in Division 4.**

30.     On December 15, 2010, in the early morning, Berger-Royals' sister, Joan, and Attorney LeFevour appeared in court on behalf of Berger-Royals. Attorney LeFevour obtained an Order from the Court ordering Berger-Royals' immediate release.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty.**

31.     That same day, the Clerk of Court, acting through one of her employees, confirmed to Berger-Royals' sister that Berger-Royals had not missed any court dates.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one.**

32.     In fact, just as Berger-Royals had told Lieutenant Baker, there was no basis for Berger-Royals to have been picked up by the Officers, arrested and jailed. Berger-Royals had not missed any court date, had been wholly compliant with the monitoring program and had not failed to pay a bond.

**ANSWER:     Defendants deny the allegations contained in paragraph thirty-two.**

33.     Although Berger-Royals was ordered to be released from jail by the Court in the early morning on December 15, 2010, she was not released on December 15, 2010.

**ANSWER:     Defendants admit that Plaintiff was not released on December 15, 2010 and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph thirty-three.**

34.     In the evening on December 15, 2010, Berger-Royals' distressed daughter contacted the Cook County Jail in an effort to find out why her mother had not yet arrived home and where she was located.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-four.**

35.    Finally, in the early morning of December 16, 2010, Berger-Royals was released by the Defendants.

**ANSWER:    Defendants admit the allegations contained in paragraph thirty-five.**

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE CLAIM
## PURSUANT TO SECTION 1983

36.    Paragraphs 1 through 35 are herein incorporated by reference and made a part of paragraph 36 as if fully alleged herein.

**ANSWER:    Defendants reassert its answers to paragraphs 1-35 as its answer to paragraph thirty-six.**

37.    The Defendant Officers and Lieutenant Baker, while acting under the color of state law, unlawfully conducted a search and seizure of Plaintiff without an arrest warrant and/or probable cause or any other legally justifiable grounds and  thereby violated Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures.

**ANSWER:    Defendants admit the officers and Lieutenant Baker acted under color of law and deny the remaining allegations contained in paragraph thirty-seven.**

38.    The Sheriff, by inadequately training and/or supervising its officers with respect to the procedures required by the Fourth Amendment pertaining to searches and seizures and demonstrating a formal or informal custom, policy and/or practice of

deliberate and/or reckless indifference to the constitutional rights of individuals to be

free from unreasonable search and seizures, expressly or impliedly authorized, consented or

acquiesced in the violation of Plaintiff's rights under the Fourth Amendment of the Constitution

of the United States and 42 U.S.C. § 1983.

**ANSWER:** **Defendants deny the allegations contained in paragraph thirty-eight.**

## COUNT II
## STATE LAW
## FALSE IMPRISONMENT CLAIM

39. Paragraphs 1 through 35 are incorporated by reference and made a part of

paragraph 39 as if fully alleged herein.

**ANSWER:** **Defendants reassert its answers to paragraphs 1-35 as its answer to**

**paragraph thirty-nine.**

40. The Officers and Lieutenant Baker unlawfully seized, restrained and

imprisoned Berger-Royals without probable cause and/or an arrest warrant or any

other legally justifiable grounds and thereby committed the tort of false imprisonment

in violation of the common law of the State of Illinois.

**ANSWER:** **Defendants deny the allegations contained in paragraph forty.**

## COUNT III
## FALSE ARREST CLAIM
## PURSUANT TO 42 U.S.C. § 1983

41. Paragraphs 1 through 35 are incorporated by reference and made a part of

paragraph 41 as fully alleged herein.

**ANSWER:    Defendants reassert its answers to paragraphs 1-35 as its answer to paragraph forty-one.**

42.    The Defendants, while acting under the color of state law, unlawfully restrained and detained Berger-Royals without probable cause and/or an arrest warrant or any other legally justifiable grounds and thereby committed the tort of false arrest and imprisonment in violation of the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:    Defendants admit the officers and Lieutenant Baker acted under color of law and deny the remaining allegations contained in paragraph forty-two.**

43.    The Sheriff, by inadequately supervising his officers with respect to the procedures required by the Fourth Amendment pertaining to individuals' rights to be free from unreasonable seizures, absent a warrant or probable cause to arrest and demonstrating a formal or informal custom, policy and practice of deliberate indifference to the constitutional rights of such persons to be free from unreasonable, unwarranted seizures, expressly or impliedly authorized, consented or acquiesced in the violation Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983. with gross negligence, an award of punitive damages; plus the cost of this action, reasonable attorney's fees and such other additional relief as this Court deems equitable and just.

**ANSWER:    Defendants deny the allegations contained in paragraph forty-three.**

## AFFIRMATIVE DEFENSES

NOW COME Defendants, Cook County Sheriff Tom Dart, Lt. Kelly Baker, Natisa Williams, and Jamie Hurtado, by their attorney, Anita Alvarez, Cook County State's Attorney, through her assistant, Nicholas Scouffas, stating the following Affirmative Defense:

1.     Defendant, Thomas Dart, Sheriff of Cook County, is a local public entity. Accordingly, Thomas Dart is immune from punitive damage awards. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981).

WHEREFORE, based upon the foregoing, Defendants respectfully request that this Honorable Court grant judgment in their favor and against the plaintiff on all aspects of her Complaint and further requests that this Honorable Court grant it fees, costs, and such other relief that this Court deems just and appropriate.

## JURY DEMAND

Defendants respectfully demand trial by jury.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:     */s/ Patrick S. Smith*
Patrick S. Smith
Deputy Supervisor
Torts/Civil Rights Litigation Section
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3362