UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY BERGER-ROYALS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-CV-4678 |
| | ) JURY DEMAND |
| THOMAS J. DART, in his official capacity as COOK COUNTY SHERIFF, OFFICER, LIEUTENANT KELLY BAKER, OFFICER JAMIE HURTADO, and OFFICER NATISA WILLIAMS | ) The Honorable Milton I. Shadur |
| Defendants. | ) |

MOTION FOR SANCTIONS

Plaintiff, Mary Berger-Royals (Plaintiff), by and through her attorneys, KULWIN MASCIOPINTO & KULWIN, L.L.P., respectfully requests that this Court impose sanctions on Defendants for failing to comply with a Court discovery order. In support thereof, Plaintiff states as follows:

**I. Background**

1. Plaintiff filed suit for unreasonable search and seizure and false arrest pursuant to 42 U.S.C. §1983 and false imprisonment pursuant to Illinois common law as a result of her December 14, 2010 arrest executed without a warrant and without probable cause to believe that she had or was committing any crimes. *See First Amended Complaint* (Dkt. No. 24).

2. After she was unable to resolve her discovery disputes with Defendants, Plaintiff filed a Motion to Compel which was granted in part and denied in part on May

1

22, 2012. (Dkt. No. 43). Specifically, the Court ordered Defendants to produce their personnel files (with purely personal information removed) and the Sheriff's Office General Orders that Defendants requested in discovery.[1] *Id.* Two months later, Defendants have failed to comply with this Order and have not produced their personnel files or the Sheriff's Office General Orders.

3. On July 17, 2012, in an attempt to resolve this dispute without Court intervention, Plaintiff sent Defendants a letter reminding them of their obligations pursuant to the May 22, 2012 Order and requesting production of the documents within seven (7) days. *See* May 22, 2011 Letter attached as Exhibit A. To date, Defendants have not responded to the letter or produced the required documents. Accordingly, Plaintiff has been forced to file this Motion for Sanctions in an attempt to obtain the documents this Court already ordered be produced. Further, as will be discussed below, due to Defendants failure to obey the Court's May 22 Order, sanctions should be imposed and Defendants should be ordered to pay the reasonable attorney's fees Plaintiff incurred in obtaining these documents.

## II. Discussion

4. When a party fails to obey a court order regarding discovery, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable

---

[1] The Court pointed out that the newly named Defendants in the First Amended Complaint, Officers Natisa Williams and Jaime Hurtado, previously John Doe I and John Doe II, need not respond to any discovery requests until they had appeared. On June 29, 2012, counsel filed an appearance for Officers Natisa Williams and Jaime Hurtado and on July 20, 2012 filed an Answer on their behalf. (Dkt. Nos. 49 and 56). Therefore, these Defendants are also obligated to produce their personnel files, which, to date, they have failed to do.

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 909 (7th Cir. 2007) ("…the court *shall* require the party failing to obey the order…to pay the reasonable…attorney's fees, caused by the failure...") (empahsis in original).

5. In this case, there is a clear and unambiguous order from the Court that Defendants are to produce their personnel files (with purely personal information removed) and the Sheriff's Office General Orders requested by Plaintiff. It has been more than two months since this order was entered and Defendants have not produced the documents, even after written inquiry from Plaintiff. Further, the failure to produce specifically enumerated documents is not "substantially justified," especially considering on March 14, 2012 counsel for Defendants informed counsel for Plaintiff that he was already in possession of the personnel files of Defendants and was in the process of reviewing them. *See* March 14, 2012 Email attached as Exhibit B. Moreover, the failure to provide the General Orders is not "substantially justified" when Plaintiff provided Defendants with a clear list of the General Orders they wanted and Defendants need do nothing more than simply copy those Orders from the manual and send them to Plaintiff.

6. In addition, further demonstrating their dilatory tactics in this case, Defendants have failed to produce information they agreed to produce over five (5) months ago. Specifically, in response to Plaintiff's Interrogatory Nos. 2 and 3, Defendants agreed to produce the information requested, including when the Defendants joined the Cook County Sheriff's Office and what their assignments have been from that date until the

present and the assignments and hours of duty for Defendants on December 13-16, 2010, the days surrounding Plaintiff's false arrest. *See Defendants' Supplemental Discovery Response* and February 9, 2012 Email attached hereto as Exhibit C and D, respectively. However, Defendants have failed to produce this information, even after written inquiry from Plaintiff. *See* Ex. A.

### III. Conclusion

7. Accordingly, due to their blatant disregard of this Court's May 22, 2012 discovery order, their refusal to produce the documents they were ordered to produce over two months ago and their dilatory tactics, including refusing to produce information they already agreed to produce over five (5) months ago, Defendants should be sanctioned and ordered to pay Plaintiff's reasonable attorney's fees in obtaining the requested documents and information, including the fees expended in pursuing the Motion to Compel and the instant Motion for Sanctions. Moreover, Defendants should be ordered, yet again, to produce their personnel files and the Sheriff's General Orders previously requested.

Dated: July 27, 2012

Respectfully submitted,

s/ Larry J. Lipka

One of the attorneys for Plaintiff

Shelly B. Kulwin
Jeffrey R. Kulwin
Larry J. Lipka
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
312/641-0300